IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GPNE CORP., | ) | CIVIL NO. 11-00426 SOM-RLP |
| | ) | |
| Plaintiff, | ) | ORDER AFFIRMING MAGISTRATE |
| | ) | JUDGE'S ORDER TRANSFERRING |
| vs. | ) | PLAINTIFF'S CLAIMS AGAINST |
| | ) | RESEARCH IN MOTION LTD.; |
| AMAZON.COM, INC.; APPLE INC.; | ) | RESEARCH IN MOTION |
| BARNES & NOBLE, INC.; GARMIN | ) | CORPORATION; APPLE INC.; AND |
| LTD.; GARMIN INTERNATIONAL, | ) | BARNES & NOBLE, INC. |
| INC.; NOKIA CORPORATION; | ) | |
| NOKIA, INC.; PANTECH CO., | ) | |
| LTD.; PANTECH WIRELESS, INC.; | ) | |
| RESEARCH IN MOTION LTD.; | ) | |
| RESEARCH IN MOTION | ) | |
| CORPORATION; SHARP | ) | |
| CORPORATION; SHARP | ) | |
| ELECTRONICS CORPORATION; SONY | ) | |
| ERICSSON MOBILE | ) | |
| COMMUNICATIONS AB; and SONY | ) | |
| ERICSSON MOBILE | ) | |
| COMMUNICATIONS (USA), INC., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER AFFIRMING MAGISTRATE JUDGE'S
ORDER TRANSFERRING PLAINTIFF'S CLAIMS
AGAINST RESEARCH IN MOTION LTD.; RESEARCH
IN MOTION CORPORATION; APPLE INC.; AND BARNES & NOBLE, INC.**

**I.      INTRODUCTION.**

        Plaintiff GPNE Corp. ("GPNE") appeals the Magistrate

Judge's order granting two motions to transfer venue pursuant to

28 U.S.C. § 1404(a).  The first motion, filed by Research in

Motion Ltd., and Research in Motion Corporation (collectively,

"RIM"), sought transfer to the United States District Court for

the Northern District of Texas.  See Defs.' Mot. to Sever and

Transfer Pl.s' Claims Against Research in Motion Ltd. and

Research in Motion Corp., Dec. 19, 2011, ECF No. 185.  The second

motion, filed by Apple Inc., and Barnes & Noble, Inc., sought

transfer to the United States District Court for the Northern

District of California.  <u>See</u> Defs. Apple Inc. and Barnes & Noble,

Inc.'s Consolidated Mot. to Sever Claims and Transfer Venue, Feb.

2, 2012, ECF No. 218.  This court affirms the Magistrate Judge's

transfer order.  <u>See</u> Mem. Opinion and Order Regarding Mot. to

Sever and Transfer Pl.'s Claims Against Research in Motion Ltd.

and Research in Motion Corporation and Defs Apple Inc. and Barnes

& Noble, Inc.'s Consolidated Mot. to Sever Claims and Transfer

Venue, March 19, 2012, ECF No. 246 ("Order").

## II.        BACKGROUND.

GPNE alleges infringement of three patents by sixteen

Defendants, including RIM, Apple, and Barnes & Noble.  Compl.,

July 7, 2011, ECF No. 1.  The patents all relate to computer

technology.  GPNE says that Apple is infringing on the patents by

"making, using, offering for sale, selling and/or importing

computerized communications devices with the ability to function

with GPRS including . . . the iPhone 4 . . . and the iPad."  <u>Id.</u>

¶ 45.  With respect to Barnes & Noble, GPNE refers to Barnes &

Noble's e-reader, the Nook.  <u>Id.</u> ¶ 58.  With respect to RIM, GPNE

refers to RIM's smartphones.  <u>Id.</u> ¶ 62.  GPNE alleges that the

inventions protected by the three patents were conceived of in

Hawaii by two Hawaii residents.  <u>Id.</u> ¶ 41.  GPNE further alleges

that each Defendant "has committed, and continues to commit, acts of infringement in this judicial district, has conducted business in this judicial district and/or has engaged in continuous and systematic activities in this judicial district," and that the products of each are sold in this district.  Id. ¶¶ 3, 5, 7, 11, 15, 19, 23, 27, 31.  GPNE is incorporated in Hawaii, and its principal place of business is in Honolulu.  Id. ¶ 1.

Research in Motion Ltd. is a foreign corporation based in Ontario, Canada.  Id. ¶ 20.  Its affiliate, Research in Motion Corporation, is based in Irving, Texas, where any federal case would be handled by the United States District Court for the Northern District of Texas.   Id. ¶ 21.

Apple's principal place of business is in Cupertino, California, an area within the Northern District of California. Id. ¶ 4.  Barnes & Noble's principal place of business is in New York, New York, id. ¶ 6, but Barnes & Noble also has a facility in Palo Alto, within the Northern District of California, Decl. of Daniel Gilbert ¶ 4, ECF No. 218-6.

On December 19, 2011, RIM moved to sever and transfer the claims asserted against it.  On February 2, 2012, Apple and Barnes & Noble (jointly) also moved to sever and transfer the claims asserted against them.  The Magistrate Judge granted the motions.

With respect to severance, the Magistrate Judge ruled
that GPNE had improperly joined Defendants under Rule 20 of the
Federal Rules of Civil Procedure.  He noted that GPNE's claims
against Defendants did not arise out of the same series of
transactions or occurrences.  Order at 7.  The Magistrate Judge
therefore severed all claims against Defendants except
Amazon.com, Inc. (the first named Defendant) from this action,
pursuant to Rule 21 of the Federal Rules of Civil Procedure.  Id.
at 10.

With respect to transfer, the Magistrate Judge
concluded that the interests of justice and the convenience of
the parties would be served by transferring GPNE's action against
RIM to the United States District Court for the Northern District
of Texas, and by transferring GPNE's actions against Apple and
Barnes & Noble to the United States District Court for the
Northern District of California.  Order at 23.  GPNE now appeals
only the portion of the Magistrate Judge's order regarding
transfer.  Pursuant to Local Rule 7.2(d), the court finds this
matter suitable for disposition without a hearing.

III.     **LEGAL STANDARD.**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 74.1,
a party may appeal to a district judge any pretrial
nondispositive matter determined by a magistrate judge.  Under 28
U.S.C. § 636(b)(1)(A), a magistrate judge's order may be reversed

by a district court only if it is "clearly erroneous or contrary to law."  The threshold of the "clearly erroneous" test is high. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948).  See also Thorp v. Kepoo, 100 F. Supp. 2d 1258, 1260 (D. Haw. 2000) (the clearly erroneous standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed.").

IV.      **ANALYSIS.**

A request for transfer of venue is governed by 28 U.S.C. § 1404(a), which provides:  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  The purpose of § 1404(a) is "to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'"  Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (quoting Continental Grain Co. v. Barge FBL-585, 364 U.S. 19, 26-27 (1960)).  Under § 1404(a), discretion is vested "in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness."  Stewart Org., Inc.

v. Ricoh Corp., 487 U.S. 22, 27 (1988) (citation and internal

quotation marks omitted).  "Weighing of the factors for and

against transfer involves subtle considerations and is best left

to the discretion of the trial judge."  Ventress v. Japan

Airlines, 486 F.3d 1111, 1118 (9th Cir. 2007) (quoting Commodity

Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir.

1979)).

The Ninth Circuit has stated that a court must weigh

multiple factors when considering a motion for change of venue.

See Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir.

2000).  For example, a court may consider:

> (1) the location where the relevant
> agreements were negotiated and executed,
> (2) the state that is most familiar with the
> governing law, (3) the plaintiff's choice of
> forum, (4) the respective parties' contacts
> with the forum, (5) the contacts relating to
> the plaintiff's cause of action in the chosen
> forum, (6) the differences in the costs of
> litigation in the two forums, (7) the
> availability of compulsory process to compel
> attendance of unwilling non-party witnesses,
> and (8) the ease of access to sources of
> proof.

Id. at 498-99 (internal footnotes omitted).  The Ninth Circuit

has also directed courts to consider private and public interest

factors affecting the convenience of a forum.  Decker Coal Co. v.

Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986)

(citing Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 (1981)).

GPNE argues that the Magistrate Judge's order is

clearly erroneous in three respects.  First, according to GPNE, the Magistrate Judge erred in assessing the availability of nonparty witnesses and accessibility to sources of proof. Second, the Magistrate Judge allegedly discounted the preference for a plaintiff's choice of forum.  Third, by splitting the litigation among three states (Hawaii, California, and Texas), the Magistrate Judge has allegedly increased the inconvenience to GPNE and the strain on the judiciary.  The court is not persuaded by GPNE that transferring the actions against RIM, Apple, and Barnes & Noble was clearly erroneous.

### A.   Accessibility of Witnesses and Evidence.

#### 1.   Witnesses.

The inconvenience to witnesses is sometimes considered the most important factor in determining whether a transfer of venue is appropriate.  See Saleh v. Titan Corp., 361 F. Supp. 2d 1152, 1160 (S.D. Cal. 2005) (quoting State Street Capital Corp. v. Dente, 855 F. Supp. 192, 197 (S.D. Tex. 1994)); Ruiz v. Affinity Logistics, 2005 WL 5490240, at *8 (N.D. Cal. Nov 7, 2005).  The convenience of nonparty witnesses is more important than the convenience of party witnesses.  Saleh, 361 F. Supp. 2d at 1160 (quoting Aquatic Amusement Associates, Ltd. v. Walt Disney World Co., 734 F. Supp. 54, 57 (N.D.N.Y. 1990)).

With respect to Apple and Barnes & Noble, the Magistrate Judge determined that the availability and convenience

7

of witnesses factor weighed in favor of transfer because GPNE had
identified nonparty witnesses within the subpoena power of the
Northern District of California who could not be compelled to
appear in the District of Hawaii.  Specifically, GPNE had
identified one of the inventors of the patents in issue, Po Sing
Tsui, and attorneys from Fliesler Meyer LLP who had been involved
with prosecuting the patents in issue.

        With respect to RIM, the Magistrate Judge concluded
that this factor was neutral because, although RIM's party
witnesses reside in Texas, GPNE's party witnesses reside in
Hawaii, and the Magistrate Judge was not presented with nonparty
witnesses in either state.

        GPNE first argues that, with respect to the Fliesler
Meyer LLP attorneys, Apple and Barnes & Noble only identified one
attorney, Thomas Ward.  GPNE also argues that the Magistrate
Judge failed to consider the declarations of Tsui and Ward, which
state that they consent to appear for trial in Hawaii.  GPNE
concludes that the Magistrate Judge therefore clearly erred in
stating that this factor weighed in favor of transfer.

        GPNE is correct in noting Tsui's and Ward's willingness
to testify in Hawaii.  However, if Tsui and Ward change their
minds, they will be outside this district's subpoena power.  GPNE
does not dispute that Apple and Barnes & Noble have identified
material witnesses located in the Northern District of

California.  Apple's headquarters is in Northern California, Decl. of Joel Podolny ¶ 2, ECF No. 218-4, and, although Barnes & Noble is based in New York, it has a facility in Northern California where its allegedly infringing products are primarily designed and developed.  Decl. of Daniel Gilbert ¶¶ 4-5.  In addition, Barnes & Noble contends that it would be significantly more convenient for its New York witnesses to travel to California than to Hawaii.

Of GPNE's four witnesses, two of them (GPNE's director and CEO, and its in-house counsel) live in Hawaii.  Tsui lives in California, and, the fourth witness, GPNE's chairman, resides in Hong Kong.  See Decl. of Gabriel K. Wong ¶ 12, ECF No. 208-8.  Although GPNE's initial disclosures listed a Hawaii address for Wong, he only visits Hawaii once or twice a year.  Id. ¶ 12.  Even if this factor were only neutral, this court could not say, looking at the totality of circumstances relevant to the availability and convenience of witnesses, that transferring the actions against Apple and Barnes & Noble was clearly erroneous.

With respect to RIM, the Magistrate Judge did not find that the availability of witnesses factor weighed in RIM's favor.  He stated instead that this factor was neutral.  This court agrees.  While Tsui and Ward say they are willing to testify in Hawaii, RIM identified a number of its own employees in Texas and Canada who would have to travel to Hawaii.  If this case is

9

transferred, the Canadian employee witnesses could continue to work from RIM's Texas office, minimizing the inconvenience of traveling to testify.  As discussed above, GPNE identifies only two witnesses who reside in Hawaii.  Under the circumstances, the Magistrate Judge's conclusion that the availability and convenience of witnesses factor was neutral with respect to the action against RIM was not clearly erroneous.

## 2.   Other Evidence.

With respect to the accessibility of sources of proof other than witnesses, GPNE argues that the Magistrate Judge relied too heavily on the physical location of the evidence in this case.  GPNE says that the moving Defendants' contention that the majority of the relevant evidence is in the Northern District of California (for Apple and Barnes & Noble) and the Northern District of Texas (for RIM) is misleading because the evidence can easily be transferred to Hawaii in electronic form.

The court recognizes that the ease of electronic transmission means that something more than the physical location of hard copies of documents is needed to support a finding that this factor weighs heavily in favor of transfer.  See Symantec Corp. v. Johns Creek Software, Inc., 2011 WL 4026873, at *7 (N.D. Cal. Sept. 12, 2011) ("Defendants claim that 'the bulk of the relevant evidence is in Georgia,' including all of defendants' documents and records.  Yet technological advances in document

10

storage and retrieval make transporting documents much less burdensome.  Defendants do not argue that transportation of these documents would present an undue burden.  This factor weighs slightly in favor of transfer, but does not carry substantial weight); Doody v. Penguin Group (USA) Inc., Civ. No. 08-00285 JMS-BMK, 2010 WL 4809470, at *5 (D. Haw. Nov. 4, 2008) ("Whether [the relevant documents] are located in Hawaii, California, or New York, access to those documents should be easy because they can be electronically transmitted between the parties."); Miracle v. N.Y.P. Holdings, Inc., 87 F. Supp. 2d 1060, 1073 (D. Haw. March 14, 2000).[1]

However, physical evidence, such as samples of the allegedly infringing devices, cannot be electronically transmitted.  RIM and Apple contend that their physical evidence is stored in California and Texas.  See Decl. of Noah Webster Decl. ¶ 12, ECF No. 185-3; Decl. of Joel Podolny ¶ 5.  In addition, Apple and Barnes & Noble point out that there are security concerns with respect to transferring some records electronically.  See Joint Mot. for Entry of Protective Order at 19-21, ECF No. 222.

---

[1]  Moving Defendants rely on In re Greentech, 566 F.3d 1338, 1345 (Fed. Cir. 2009).  As GPNE points out, the Federal Circuit in that case applied Fifth Circuit law.  See In re Affymetrix, Inc., 2010 WL 1525010, at *3 n.3 (Fed. Cir. April 13, 2010).  The court recognizes that In re Greentech is not controlling here.

The Magistrate Judge considered the availability of electronic transmission of documents, but determined that, because the bulk of the relevant evidence was outside of Hawaii, the accessibility of evidence factor weighed heavily in favor of transfer.  Even if, given electronic transmission, this factor weighed only slightly in favor of transfer, any alleged error in the weight the Magistrate Judge assigned to this factor is outweighed by the unavailability of electronic transmission for physical evidence and security concerns regarding some electronic information.  At the very least, this factor weighs slightly in favor of transfer.

### B.   Plaintiff's Choice of Forum.

GPNE argues that the Magistrate Judge failed to give due weight to its choice of forum.  This court disagrees.  A court must indeed accord deference to a plaintiff's choice of forum, Gherebi v. Bush, 352 F.3d 1278, 1302 (9th Cir. 2003), vacated on other grounds by 542 U.S. 952 (2004).  However, "[w]hen the action has little connection with the chosen forum, less deference is accorded, even if the plaintiff is a resident of the forum." Amazon.com v. Cendant Corp., 404 F. Supp. 2d 1256, 1260 (W.D. Wash 2005) (citing Saleh, 361 F. Supp. 2d at 1157).  "In patent infringement actions, the preferred forum is 'that which is the center of gravity of the accused activity.'" Id. (quoting Ricoh Co., Ltd. v. Honeywell, Inc., 817 F. Supp.

473, 482 n.17 (D.N.J. 1993)).  A district court "'ought to be as close as possible to the milieu of the infringing device and the hub of activity centered around its production.'"  Id. (quoting Ricoh, 817 F. Supp. at 482 n.17).

The court is unpersuaded by GPNE's argument that the cases cited by the Magistrate Judge are inapplicable here.  GPNE first challenges the applicability of Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987), arguing that that case concerns only derivative suits and class actions.  The court in Lou did expressly state that "*when an individual brings a derivative suit or represents a class*, the named plaintiff's choice of forum is given less weight."  Id. (emphasis added).  However, Lou, citing Pacific Car & Foundry Co. v. Pence, 403 F.2d 949, 954 (9th Cir. 1968), also stated:  "If the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [the plainitff's] choice is entitled to only minimal consideration."  Lou, 834 F.2d at 739.  Pacific Car & Foundry did not involve a shareholder derivative suit or a class action.  It involved an antitrust claim, and it expressly noted that its analysis was the same as in "other types of actions."  403 F.2d at 954.  The Ninth Circuit stated:

> In judging the weight to be given such a
> choice, as is the case with other types of
> actions, consideration must be given to the
> extent both of the defendant's business
> contacts with the chosen forum and of the
> plaintiff's contacts, including those

13

> relating to his cause of action.  If the
> operative facts have not occurred within the
> forum of original selection and that forum
> has no particular interest in the parties or
> the subject matter, the plaintiff's choice is
> entitled only to minimal consideration.

Id.

GPNE next takes issue with the Magistrate Judge's reliance on Amazon.com, 404 F. Supp. 2d at 1260.  GPNE argues that Amazon.com, which concerned alleged infringement taking place on websites, is factually distinguishable from this case, in which GPNE accuses Defendants of infringement in the form of selling products.  Id. at 1258.  GPNE's allegations, however, are not limited to the selling of the allegedly infringing products. GPNE alleges that Defendants are infringing on its patents by making, using, and importing the accused devices.

Other courts that have addressed this issue have not looked to where the allegedly infringing product was sold, but to where it was designed, developed, and tested, as well as to where decisions were made relating to sales and marketing.  See Data Retrieval Technology, LLC v. Sybase, Inc., 2009 WL 960681, at *3 (W.D. Wash Apr. 8, 2009) ("[A] court should consider the location of the product's development, testing, research and production. . . . Also relevant is the place where the marking [sic] and sales decisions occurred, not just the location of any particular sales activity." (internal quotations and citation omitted)); Arete Power, Inc. v. Beacon Power Corp., 2008 WL 508477, at *5

14

(N.D. Cal. Feb. 22, 2008) ("The law asks us, here, to identify the principal location of the legally operative facts--and in patent cases that location generally is where the allegedly infringing product was designed, developed and produced."); Minka Lighting, Inc. v. Trans Globe Imports, Inc., 2003 WL 21251684, at *3 (N.D. Tex. May 23, 2003) ("[R]egardless of any particular sales [in Dallas], the 'center of gravity' of the accused activity--i.e., the place where product development, testing, research, and production as well as any marketing and sales decisions occurred--is most likely the defendants' home offices in the Central District of California."). See also Body Science LLC v. Boston Scientific Corp., 2012 WL 718495, at *8 (N.D. Ill. Mar. 6, 2012) ("In patent infringement cases, 'the location of the infringer's principal place of business is often the critical and controlling consideration because such suits often focus on the activities of the alleged infringer, its employees, and its documents, rather than upon those of the plaintiff.'" (quoting Cooper Bauck. Corp. v. Dolby Labs., Inc., 2006 WL 1735282, at *5 (N.D. Ill. June 19, 2006))).

This action has little connection to the District of Hawaii, and the "center of gravity" of the alleged infringements is in the Northern District of Texas (for RIM) and in the Northern District of California (for Apple and Barnes & Noble).

The Magistrate Judge correctly determined that GPNE's choice of forum was owed less deference than in other circumstances.

GPNE is unpersuasive in contending that the Magistrate Judge erroneously based his conclusion on GPNE's failure to allege infringing activities occurring solely in Hawaii or to identify the parties' significant contacts with Hawaii.  GPNE maintains that the conduct it is complaining about need not have occurred *solely* in Hawaii, and that the parties' contacts with Hawaii are irrelevant to whether the plaintiff's choice of forum should be accorded deference.  Even assuming GPNE is correct, GPNE's choice of forum was properly accorded less deference because this action has minimal connection to Hawaii.

### C.   Judicial Inefficiency.

Finally, GPNE argues that the Magistrate Judge committed clear error by "scattering" this action to two other districts, which, GPNE argues, results in judicial inefficiency. GPNE contends that transferring this action to various districts will result in separate discovery tracks, claim construction proceedings, summary judgment and other pretrial motions, and trials.  GPNE also argues that transferring the case will force its witnesses to travel to two different jurisdictions.  Although GPNE does present difficulties that any court would sympathize with, GPNE does not establish that these circumstances warrant reversing the transfer order.

16

The court first notes that GPNE is not challenging the severance of this action.  Thus, even if transfer had been denied, GPNE would be facing separate proceedings.

Courts generally disfavor transferring related cases to different districts.  See Continental Grain Co. v. The FBL-585, 364 U.S. 19, 26 (1960) ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent."); Arete Power, 2008 WL 508477, at *11 ("Concentrating responsibility for rulings and guidance in one court reduces both inefficiencies (eliminating the need for judges in other courts to become familiar with the case and the pertinent law) and the risk that the parties or witnesses will be subject to inconsistent directives.").

On the other hand, "[w]hile trial efficiency generally favors litigating the same issues only once and in one forum, in reality, patent disputes often involve a certain degree of parallel litigation." Children's Network, LLC v. PixFusion LLC, 722 F. Supp. 2d 404, 416 (S.D.N.Y. 2010).  Patent holders commonly assert infringement claims involving the same patent against different defendants in multiple jurisdictions.  Id. Discrepancies can be avoided "by application of the doctrine of collateral estoppel and by appealing decisions to the Court of

17

Appeals for the Federal Circuit." <u>Id.</u> (citing <u>RF Del., Inc. v. Pac. Keystone Techs., Inc.</u>, 326 F.3d 1255, 1259 (Fed. Cir. 2003)).

In addition, the severed actions, while involving the same patents, may well involve significant noncommon issues.  The groups of Defendants in each of the now-severed actions are not related to one another.  That is, RIM Defendants are not related to Apple.  Each case involves different products.  <u>See</u> Order at 7-8.  The "related" nature of the cases may, in fact, be attenuated.  <u>See</u> <u>Children's Network</u>, 722 F. Supp. 2d at 415 (concluding that two patent infringement actions were not "related" when the cases involved the same patents, but the parties were not affiliated with each other and the allegedly infringing products were distinct).

The Magistrate Judge considered GPNE's concerns in assessing the public considerations implicated by transferring venue.  He agreed with GPNE that the public interest factor weighed in favor of keeping these cases in Hawaii, but he concluded that it did not outweigh other factors.  The Magistrate Judge concluded that the parties' contacts with the forums in issue, the parties' contacts with Hawaii as related to GPNE's claims, and the accessibility of witnesses (for Apple and Barnes & Noble) and other evidence weighed in favor of transfer, and that the accessibility of witnesses (for RIM) and the costs of

litigation factors were neutral.  Even if the accessibility of witnesses factor for Apple and Barnes & Noble were neutral, and even considering the concerns raised by GPNE, the court would not find the Magistrate Judge's balancing of the relevant factors to have been clearly erroneous.  Nor does this court find clearly erroneous the Magistrate Judge's determination that transfer is appropriate.  The court thus affirms the order transferring the actions against RIM, Apple, and Barnes & Noble.

**V.        CONCLUSION.**

The Magistrate Judge's order transferring GPNE's claims against RIM, Apple, and Barnes & Noble pursuant to 28 U.S.C. § 1404(a) is AFFIRMED.

Because the severance portion of the Magistrate Judge's order was not challenged, the Clerk of Court is directed to open separate civil cases in accordance with that order.  Thereafter, the Clerk of Court is directed to transfer the case against RIM to the United States District Court for the Northern District of Texas, and to transfer the separate actions against Apple and Barnes & Noble to the United States District Court for the Northern District of California, as well as to refer any pending motions or further documents to the appropriate district courts.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 9, 2012.



   /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

GPNE v. Amazon.com; Civil No. 11-00426 SOM-RLP; ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER TRANSFERRING PLAINTIFF'S CLAIMS AGAINST RESEARCH IN MOTION LTD.; RESEARCH IN MOTION CORPORATION; APPLE INC.; AND BARNES & NOBLE, INC.

20